January 22, 2009

Mr. Adan Muñoz, Jr.
Executive Director
Texas Commission on Jail Standards
Post Office Box 12985
Austin, Texas 78711

Opinion No. GA-0692

Re: Observation of county jail inmates while they are confined in courthouse holding cells (RQ-0722-GA)

Dear Mr. Muñoz:

On behalf of the Texas Commission on Jail Standards (the "Commission"), you ask whether a bailiff may supervise county jail inmates while they are held in courthouse holding cells or, assuming that the bailiff is not a jailer, whether a sheriff must provide a licensed jailer to supervise a county jail inmate being held in a courthouse holding cell.[1] You also ask "[a]t what point during an inmate's time at a courthouse . . . the judge, and thus the bailiff, relinquish[es] supervisory authority to the sheriff and Minimum Jail Standards[.]" Request Letter at 1. Finally, you ask whether a form signed by a bailiff "upon taking control of an inmate" that accepts "responsibility for the inmate's custody, health, and general welfare" sufficiently authorizes a bailiff who does not have a jailer's license "to supervise a courthouse holding cell[.]" *Id.*

You indicate that no counties require bailiffs to be licensed jailers.[2] *See id.* You suggest that observation of inmates in courthouse holding cells by bailiffs who are not licensed jailers may be inconsistent with minimum jail standards adopted by the Commission under Government Code section 511.009. *See id.*

Government Code section 511.009 expressly directs the Commission to adopt reasonable minimum standards relating to, among other things, the "custody, care, and treatment of prisoners" and the "number of jail supervisory personnel." TEX. GOV'T CODE ANN. § 511.009(a)(2)–(3) (Vernon Supp. 2008). The Commission also has express authority to enforce its rules. *See id.* § 511.014(a) (Vernon 2004). Moreover, as Attorney General Opinion MW-559 determines, Commission-adopted minimum jail standards apply to the observation of an inmate confined in a

---

[1]*See* Request Letter, *available at* www.texasattorneygeneral.gov.

[2]We assume you ask about bailiffs at the trial court level. *Cf.* TEX. GOV'T CODE ANN. § 53.091(a), (c) (Vernon 2005) (authorizing Texas appellate courts to employ individuals "to protect the court"; the bailiffs must be licensed as peace officers).

courthouse holding cell. *See* Tex. Att'y Gen. Op. No. MW-559 (1982) at 2; *see also* Tex. Att'y Gen. Op. No. DM-119 (1992) at 3 (stating that a facility housing county inmates other than a "traditional county jail" must comply only "with rules promulgated by the [C]ommission"). Accordingly, the Commission is authorized to regulate the observation of inmates confined in courthouse holding cells.

You cite two minimum jail standards as relevant. First, title 37, section 265.3 of the Texas Administrative Code requires that "[i]nmates confined in a holding cell . . . be observed by facility personnel at intervals not to exceed 30 minutes." 37 TEX. ADMIN. CODE § 265.3 (2008) (Tex. Comm'n on Jail Standards, Observation During Holding). The regulations define the term "holding cell" as "[a] cell designed for the temporary holding of inmates." *Id.* § 253.1(13) (Definitions). Second, title 37, section 275.1 requires hourly observation of inmates by "corrections officers" at a "facility":

> Facilities shall have an established procedure for visual, face-to-face observation of all inmates by corrections officers at least once every hour. Observation shall be performed at least every 30 minutes in areas where inmates known to be assaultive, potentially suicidal, mentally ill, or who have demonstrated bizarre behavior are confined.

*Id.* § 275.1 (Regular Observation by Corrections Officers).

The Commission has not defined the terms "facility," "facility personnel" or "corrections officer" in its regulations, and we decline to provide definitions to words or phrases that the Commission, as the enacting authority, has declined to define. *See id.* § 253.1 (Definitions); *cf. id.* § 253.1(11) (defining "existing facility" as a type of facility). Absent these definitions, we are unable to state whether the current practice is contrary to any controlling statutory or regulatory authority.

The long-standing policy of this office has been to defer to the administrative agency charged with the administration and enforcement of a statute to interpret its own rules in the first instance. Tex. Att'y Gen. Op. Nos. JC-0449 (2002), M-609-A (1970). As the agency charged with "adopt[ing] reasonable rules and procedures establishing minimum standards for the custody, care and treatment of prisoners," the Commission must determine, in the first instance, whether bailiffs have the authority to supervise inmates being held in courthouse holding cells. TEX. GOV'T CODE ANN. § 511.009(a)(2)–(3) (Vernon Supp. 2008). Because the answers to your remaining questions will depend on the Commission's determination as to the first question and/or present questions of fact, we decline to answer those questions.

## S U M M A R Y

As the agency charged with adopting reasonable rules and procedures establishing minimum standards for the custody, care and treatment of prisoners, the Texas Commission on Jail Standards must determine, in the first instance, whether bailiffs have the authority to supervise inmates being held in courthouse holding cells.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee